```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

OGI OCEANGATE TRANSPORTATION CO.
LTD.,

                    Plaintiff,          06 Civ. 9441 (RWS)

    -against-                            OPINION

RP LOGISTICS PVT. LTD. and
R. PIYARELALL INTERNATIONAL PVT.
LTD.,

                    Defendants.

-------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/4/07

A P P E A R A N C E S:

   Attorneys for Plaintiff

   LENNON, MURPHY & LENNON, LLC
   The Gray Bar Building
   420 Lexington Ave., Suite 300
   New York, NY 10170
   By:  Patrick F. Lennon, Esq.
        Nancy Rebecca Peterson, Esq.


   Attorneys for Defendants

   CHALOS, O'CONNOR & DUFFY, LLP
   366 Main Street
   Port Washington, NY 11050-3120
   By:  Owen Francis Duffy, III, Esq.

**Sweet, D.J.**

Plaintiff OGI Oceangate Transportation Co. Ltd. ("Plaintiff" or "OGI") has moved under Local Civil Rule 6.3 for reconsideration of this Court's Order and Opinion granting Defendants' motion to vacate the process of maritime attachment and garnishment and dismissing the complaint. See OGI Oceangate Transp. Co. Ltd. v. RP Logistics Pvt. Ltd., No. 06 Civ. 9441(RWS), 2007 WL 1834711 (S.D.N.Y. June 26, 2007) (the "June 2007 Order and Opinion"). Plaintiff has also moved for a stay of execution of the June 2007 Order and Opinion. For the reasons set forth below, the motion is denied.

**Prior Proceedings**

Prior proceedings in this matter were outlined in the June 2007 Order and Opinion. See id. at *1-2.

By an order to show cause filed on November 27, 2006, Defendants moved under Supplemental Rule E(4)(f), Fed. R. Civ. P., to vacate the process of maritime attachment and garnishment issued in this matter on October 17, 2006, and, in the alternative, for an order pursuant to Supplemental Rule E(7)(a), Fed. R. Civ. P., for security. The motion was heard on December 6, 2006. The June 2007 Order and Opinion vacated the attachment and dismissed the complaint. See generally OGI

Oceangate Transp. Co. Ltd., 2007 WL 1834711.  Judgment was entered on July 12, 2007.

The instant motion for reconsideration was filed by the Defendants on July 12, 2007, and considered fully submitted on August 8, 2007.

In a letter to the Court dated July 12, 2007, Plaintiff requested a temporary stay pending the Court's decision on the instant motion.  This request was denied by memo endorsement on July 12, 2007.

On July 31, 2007, Plaintiff filed a Notice of Appeal from the June 2007 Order and Opinion.

**Discussion**

To receive reconsideration pursuant to Local Civil Rule 6.3, "'the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.'" Word v. Croce, No. 01 Civ. 9614(LTS), 2004 WL 434038, at *2 (S.D.N.Y. Mar. 9, 2004) (quoting Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)); see also Williams v. New York City Dep't of Corr., 219 F.R.D. 78, 83 (S.D.N.Y. 2003).  Alternatively,

2

reconsideration may be granted to correct clear error or prevent manifest injustice.[1] See Word, 2004 WL 434038, at *2 (quoting Parrish, 253 F. Supp. 2d at 715 (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 965 F.2d 1245, 1255 (2d Cir. 1992))).

Local Civil Rule 6.3 "should be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court," Williams, 219 F.R.D. at 83 (internal quotations and citations omitted), and "to prevent the rule from being used as a substitute for appealing a final judgment." USA Certified Merchants, LLC v. Koebel, 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Id. (quoting In re Health Mgmt. Sys. Inc.

---

[1]

> Courts ordinarily have not defined precisely what constitutes clearly erroneous or manifest injustice for reconsideration purposes. At least one court has held though that reconsideration is not warranted unless the prior decision is "dead wrong." Parts & Electric Motors, Inc. v. Sterling Electric, Inc., 866 F.2d 228, 233 (7th Cir. 1988), cert. denied, 493 U.S. 847 (1989). Finally, regardless of what the basis for reconsideration is, while acknowledging a court's power to revisit its own decision, the Supreme Court has cautioned that "as a rule courts should be loathe to do so in the absence of extraordinary circumstances . . . ." Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817 (1988) (emphasis added).

Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp., No. 88-CV-819, 1992 WL 121726, at *20 (N.D.N.Y. May 23, 1992).

3

Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

In support of the instant motion, Plaintiff has asserted that the Court overlooked controlling authority in Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434 (2d Cir. 2006), as to both the Plaintiff's and Defendants' burdens in the context of a motion to vacate a maritime attachment. (Pl.'s Mem. in Supp. 4.) However, the Court did not overlook the Second Circuit's decision in Aqua Stoli, as evidenced by repeated reference to that decision in the June 2007 Order and Opinion. Since Plaintiff has not pointed to any other controlling law or factual matter put before the Court on the underlying motion that was overlooked in deciding that motion,[2] Plaintiff has failed to meet its burden on the instant motion.

With respect to Plaintiff's burden under Aqua Stoli, it is noted that the June 2007 Order and Opinion stated the same four-part burden inquiry as Plaintiff has asserted in its Memorandum of Law in support of the instant motion, (Pl.'s Mem. in Supp. 4-5); namely, that: "(1) it has a prima facie admiralty claim; (2) the named defendants cannot be found within the district; (3) the attached defendant's property was within the district; and (4) there is no statutory or maritime law bar to

---

[2] Plaintiff has also asserted that the Court overlooked "the fact that Plaintiff's allegation . . . satisfied its burden to allege a prima facie claim." (Pl.'s Mem. in Supp. 4 (emphasis added).) Whether Plaintiff has satisfied its burden is not a fact, but rather a question of law.

the attachment." <u>OGI Oceangate Transp. Co.</u>, 2007 WL 1834711, at *3. Furthermore, despite Plaintiff's assertion to the contrary, the June 2007 Order and Opinion stated the same pleading requirement under Supplemental Rule E(2)(a) as Plaintiff has asserted in its Memorandum of Law in support of the instant motion, (Pl.'s Mem. in Supp. 6). See <u>OGI Oceangate Transp. Co.</u>, 2007 WL 1834711, at *4. The June 2007 Order and Opinion did not call for the application of the pleading standard of any foreign jurisdiction in deciding that under <u>Aqua Stoli</u>, Plaintiff had not met its burden of showing that it had a valid prima facie maritime claim.

Citing to <u>Aqua Stoli</u>, Plaintiff has stated: "It is not the Court's role at the Rule E(4) hearing to make conclusions regarding the validity of the Plaintiff's claim." (Pl.'s Mem. in Supp. 8.) Yet according to <u>Aqua Stoli</u>, that is the district court's role. Recognizing that it had not opined on whether "a maritime attachment, <u>admittedly</u> <u>valid</u> under Rule B, may be vacated," the Second Circuit held in <u>Aqua Stoli</u> that "an attachment should issue if the plaintiff shows that 1) it has a <u>valid</u> prima facie admiralty claim against the defendant . . . ." <u>Aqua Stoli</u>, 460 F.3d at 439, 445 (emphasis added).

Plaintiff has failed to meet its burden of showing that it has a valid prima facie claim for either breach of the charter party (<u>i.e.</u>, deadfreight and demurrage) or wrongful arrest.

5

Despite Plaintiff's assertion, this Court did not "conduct extensive inquiries into the substantive aspects of Plaintiff's claim" for deadfreight and demurrage, (Pl.'s Mem. in Supp. 7-8), nor was there any need to do so. That claim has already been settled under an agreement that Plaintiff continues to assert is valid and under which Plaintiff received $45,000 in satisfaction of the agreement. Therefore, Plaintiff cannot show that it has a valid prima facie claim for deadfreight and demurrage.

While Plaintiff has further asserted in support of the instant motion that "the Decision's assumption that Plaintiff is required to specifically allege 'bad faith,' 'malice,' or 'reckless disregard' in order to properly allege a claim for wrongful arrest finds no support in applicable case law," (Pl.'s Mem. in Supp. 9), Plaintiff has not cited to any applicable case law supporting that it was not so required, nor to any case law at all. Without more from the Plaintiff, who had the burden here under Aqua Stoli, the Court concluded that Plaintiff had not met its burden of showing that it had a valid prima facie maritime claim for wrongful arrest.[3]

---

3 Although not discussed in the June 2007 Order and Opinion, both case law and relevant treatises indicate that a showing of bad faith, malice or gross negligence is an essential element of a wrongful arrest claim. See Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc., 56 F.3d 394, 402 n.5 (2d Cir. 1995) ("A plaintiff in a maritime case may be liable in damages for the wrongful attachment of the defendant's property, but only on a showing of bad faith, malice, or gross negligence."); Transportes Navieros y Terrestes S.A. de D.V. v. Fairmount Heavy Transp. N.V., No. 07 CV 3076(LAP), 2007 WL 1989309, at *5 (S.D.N.Y. July 6, 2007) ("This showing of bad faith, malice, or gross negligence is an essential element to a claim of wrongful arrest."); 2 THOMAS

As to the additional bases for vacatur under <u>Aqua Stoli</u>, the Second Circuit stated that a maritime attachment would "be properly vacated if the plaintiff and defendant are both present in the same district and would be subject to jurisdiction there, but the plaintiff goes to another district to attach the defendant's assets." <u>Aqua Stoli</u>, 460 F.3d at 444-45. Here, although Plaintiff appeared in the arrest action in India, it did not make a claim at that time for wrongful arrest but instead came to the Southern District of New York within a matter of

---

J. SCHOENBAUM, ADMIRALTY & MARITIME LAW §21-5 (4th ed.) (same). Furthermore, the "complaint must allege the facts essential to the plaintiff's cause of action." 7 C.J.S. <u>Attachment</u> § 573 (2007). In pleading its claim for wrongful attachment, however, Plaintiff merely alleged that:

> 11. In September of 2006, Defendant RP Logistics arrested the M/V "UTHAI NAVEE" and her bunkers in India alleging that: (1) Plaintiff has an interest in the M/V "UTHAI NAVEE;" and (2) it has a claim against Plaintiff in regards to the aforementioned "IKAL" charter.
>
> 12. RP Logistics has wrongfully arrested the M/V "UTHAI NAVEE."
>
> 13. At the time of the arrest, the M/V "UTHAI NAVEE" was being chartered by the company Rockwell International Holdings Ltd.
>
> 14. As a result of RP Logistics' breach of the charter party contract and subsequent wrongful arrest of the M/V "UTHAI NAVEE," Plaintiff has sustained damages in the principal amount of $979,637.91.

(Verified Compl., ¶¶ 11-14.) In opposition to Defendants' motion to vacate the maritime attachment, Plaintiff did not assert any allegations of bad faith, malice, or gross negligence. Plaintiff only asserted that Defendants had "inaccurately alleg[ed] that OGI had an interest in the Vessel" and that "OGI did not have an ownership interest in the `UTHAI NAVEE'" but rather had chartered the vessel. Declaration of Nancy Peterson, Dec. 4, 2006 ("Peterson Decl."), ¶¶ 41-42.

weeks and filed the present action for attachment.[4]  Therefore, vacatur under Aqua Stoli was appropriate in order to avoid this "end-run around the system to attach funds in the Southern District of New York," thereby contributing to the "rise of the cottage industry of Rule B attachments" in this district. (Defs.' Mem. in Opp'n 11-12, 14.)

Finally, it is noted that in its Memorandum of Law in support of the instant motion, Plaintiff does not dispute the determination in the June 2007 Order and Opinion that vacatur would be appropriate under Aqua Stoli on the ground that sufficient security has already been obtained with respect to Plaintiff's claim for breach of the charter party (i.e., deadfreight and demurrage).

**Conclusion**

For the foregoing reasons, Plaintiff's motion for reconsideration under Local Civil Rule 6.3 is denied. Plaintiff's motion for a stay of execution was previously denied by this Court and therefore need not be further addressed here.

---

[4] The alleged wrongful arrest took place in India on September 2006, (Peterson Decl. ¶ 41), and the Verified Complaint was filed in the Southern District of New York on October 17, 2006.

It is so ordered.

New York, NY
October  __ , 2007

_____
ROBERT W. SWEET
U.S.D.J.